# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. _____

UNITES STATES OF AMERICA FOR THE USE AND BENEFIT OF
NEW MILLENNIUM BUILDING SYSTEMS, LLC f/k/a METAL DEK GROUP, A UNIT OF CSI
Plaintiff,

v.

SAN JUAN CONSTRUCTION, INC. and FIDELITY AND DEPOST COMPANY OF MARYLAND
Defendants.

## COMPLAINT

Plaintiff New Millennium Building Systems, LLC f/k/a Metal Dek Group, a unit of CSI ("New Millennium"), by and through its attorneys, Inman Flynn Biesterfeld & Brentlinger, P.C., and for its Complaint against the above-referenced Defendants, states as follows:

### PARTIES

1. Plaintiff, New Millennium, is a limited liability company located in Hope, Arkansas.

2. Defendant, San Juan Construction, Inc. ("San Juan"), is a Colorado corporation with its principal office located at 401 E. Main Street, Montrose, CO 81401.

3. Defendant, Fidelity and Deposit Company of Maryland ("Fidelity"), is a Maryland corporation with its principal office located at 600 Red Brook Boulevard, Owings Mills, MD 21117-5153.

## JURISDICTION AND VENUE

4. New Millennium incorporates herein all preceding allegations of this Complaint.

5. This Court has jurisdiction pursuant to 40 U.S.C. §§ 3131-3134 ("Miller Act") and pursuant to 28 U.S.C. §1352.

6. This suit is brought pursuant to 40 U.S.C. §3131 in the name of the Unites States of America for the use and benefit of New Millennium.

7. Venue in the United States District for the District of Colorado is proper pursuant to 28 U.S.C. § 1391 because at least one defendant resides within this district.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract – San Juan)**

8. New Millennium incorporates herein all preceding allegations of this Complaint.

9. San Juan, as general contractor, entered into an agreement with New Millennium ("Agreement") pursuant to which New Millennium agreed to and did provide specially fabricated materials including steel joists, metal decking, and accessories, used in the repair of the U.S. Army General Purpose Warehouse Building 602 on Kwajalein Atoll in the Marshall Islands ("Project").

10. San Juan refused and failed to pay New Millennium the full amount due and owing for the aforesaid materials that New Millennium fabricated and supplied to San Juan for use in the Project at San Juan's request.

11. New Millennium performed all terms and conditions of the Agreement.

12. New Millennium demanded payment from San Juan but San Juan failed and refused to make payment.

13. New Millennium performed all conditions precedent by it to be performed, if any, under the aforesaid Agreement.

14. San Juan failed and refused to pay New Millennium pursuant to its obligation under the Purchase Order, which obligation includes sums presently due to New Millennium from San Juan, for materials supplied to and incorporated into the Project.

15. New Millennium sustained damages, arising from San Juan's breach of the terms and conditions of the subject Purchase Order.

16. The principal sum due from San Juan, to New Millennium for steel joists, metal decking, and accessories and related materials for the Project is $29,068.00.

## SECOND CLAIM FOR RELIEF
(**Breach of Contract -- Payment Bond Obligations - Miller Act, 40 U.S.C. §3131,** *et seq.*-
**Fidelity**)

17. New Millennium incorporates herein all preceding allegations of this Complaint.

18. On or about September 30, 2014, Defendants San Juan and Fidelity executed and delivered to the United States Army ("U.S. Army") a Miller Act Payment Bond (Bond No. 09150575) in the penal sum of $17,150,554.00 ("Payment Bond"), a true copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference.

19. The Payment Bond was delivered to the U.S. Army at Kwajalein Atoll in the Marshall Islands by San Juan to provide the U.S. Army with the assurance that the financial interests of all persons supplying labor and material in the prosecution of the work on the Project

would be protected by a Miller Act surety in compliance with the Miller Act, 40 U.S.C. §3131, *et seq.* and all applicable federal regulations.

20. San Juan and Fidelity are jointly and severally liable for the Payment Bond obligation.

21. New Millennium is an intended beneficiary of the Payment Bond of San Juan and Fidelity.

22. New Millennium demanded payment from San Juan and Fidelity but San Juan and Fidelity failed and refused to make payment. New Millennium's Miller Act Notices are attached hereto as Exhibit "B" and incorporated herein by this reference.

23. This suit is commenced more than ninety (90) days, and less that one (1) year after New Millennium provided the last of its material and equipment.

24. New Millennium has performed all conditions precedent by it to be performed, if any, under the aforesaid Payment Bond and Miller Act.

25. San Juan and Fidelity failed and refused to pay New Millennium pursuant to their obligations as principal and surety under the subject Payment Bond, which obligation includes sums presently due to New Millennium from San Juan as Payment Bond principal, for materials supplied to and incorporated into the Project.

26. New Millennium has sustained damages, arising from San Juan and Fidelity's breach of the terms and conditions of the subject Payment Bond.

27. The principal sum due from San Juan and its surety, Fidelity, to New Millennium for steel joists, metal decking, and accessories and related materials for the Project is $29,068.00.

**PRAYER FOR RELIEF**

WHEREFORE, New Millennium prays:

a. That judgment enter in its favor and against San Juan as principal, and Fidelity as surety, jointly and severally, on Millennium's Miller Act claim in an amount to be established at trial, together with pre and post-judgment interest thereon at the highest rate permitted by law, plus all costs associated with the commencement and prosecution of this action;

b. That judgment enters in its favor and against San Juan on Millennium's claim against San Juan for breach of the parties' Agreement in an amount to be determined at trial, together with pre and post-judgment interest thereon at the highest rate permitted by law, plus all costs associated with the prosecution of this action; and

c. For other and further relief to which New Millennium is justly entitled.

Respectfully submitted this 7th day of July, 2017.

          INMAN FLYNN BIESTERFELD & BRENTLINGER, P.C.

          By: /s/ Michael J. Glade
          *Michael J. Glade*
          Inman Flynn Biesterfeld & Brentlinger, P.C.
          1800 Gaylord Street
          Denver, CO 80206
          Telephone: (303) 861-5300
          Fax: (303) 861-2746
          E:mail: mglade@inmanflynn.com
          Attorney for Plaintiff New Millennium Building Systems, LLC f/k/a Metal Dek Group, a unit of CSI